IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-00174-RLV
(5:04-CR-00010-RLV-2)

| | |
|---|---|
| TOBY OXENDINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Motion to Dismiss, (Doc. No. 7); and counsel's Motion to Withdraw.[1] For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed, and counsel's motion will be allowed.

## I. BACKGROUND

On October 26, 2004, Petitioner was convicted on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Petitioner was sentenced a term of 168-months' imprisonment. (5:04-CR-00010, Doc. No. 25: Judgment in a Criminal Case). Petitioner did not file a direct appeal from this criminal judgment.

---

[1] On May 22, 2012, this district appointed the Federal Defenders of the Western District of North Carolina, Inc. to represent defendants sentenced in the Western District to determine whether they may qualify for post-conviction relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See (3:12-mc-92: Order on Appointment). Counsel has made the determination that Petitioner is not eligible for Simmons relief. Counsel's motion to withdraw will be allowed for the reasons stated in the motion and for good cause shown. (Doc. No. 14).

1

On December 5, 2011, Petitioner filed a pro se, Section 2255 motion contending that his sentence was improperly enhanced based on prior state drug convictions which he contends no longer qualify as felonies. Petitioner bases this argument on a Supreme Court case, Carahuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and a recent Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner contends that the holdings of these cases apply to the calculation of his sentence, even though his sentence became final in 2004. Specifically, Petitioner contends that his sentence should be vacated and his sentence should be recalculated without consideration of prior state convictions which may have enhanced his sentence. (5:11-CV-00174, Doc. No. 1 at 20-21). The Government responds to Petitioner's Section 2255 motion and raises the affirmative defense of the one-year statute of limitations as provided for in 28 U.S.C. § 2255(f). (Doc. No. 7).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

2

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final in November 2004, or 10-days after the Clerk of Court entered the judgment on October 26, 2004. See Fed. R. Civ. P. 4(b) (apply pre-2009 amendment providing for 10-days to file notice of appeal from entry of judgment). Petitioner contends that his motion is timely under § 2255(f)(3) because it was filed within one year of the date the Fourth Circuit filed its opinion in United States v. Simmons. Because current Fourth Circuit law precludes relief, the Court finds that Petitioner's motion is untimely, and he is not entitled to equitable tolling because he does not present a meritorious claim for relief.

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243

3

(emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The decision in Simmons was driven by the Court's interpretation of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, which decision held that the sentencing court must examine the criminal record of the individual defendant before the court and not a hypothetical one in determining a sentence. In a decision filed after Petitioner filed the present Section 2255 motion, the Fourth Circuit examined the impact of the decision in Carachuri and concluded that its holding was not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560-61 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").

4

For the foregoing reasons, Petitioner's Section 2255 will be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss Petitioner's Section 2255 motion is **GRANTED**. (Doc. No. 7).

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** as untimely. (Doc. No. 1).

3. Counsel's Motion to Withdraw from Representation is **ALLOWED**. (Doc. No. 14).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 1, 2013

Richard L. Voorhees
United States District Judge